**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Germaine Laing, ) | |
| ) | Civil Action No. 3:20-cv-01134-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Truist Bank and Angela Alley, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court pursuant to Plaintiff Germaine Laing's Motion to Remand this case to the Court of Common Pleas, Fifth Judicial Circuit, Richland County, South Carolina. (ECF No. 12.) Defendants Truist Bank ("Truist Bank") and Angela Alley ("Alley") (collectively "Defendants") oppose Plaintiff's Motion to Remand (ECF No. 12) and request that the court retain jurisdiction. (ECF No. 19.) For the reasons set forth below, the court **GRANTS** Plaintiff's Motion to Remand (ECF No. 12).

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2020, Plaintiff filed a Complaint requesting a jury trial in the Court of Common Pleas, Fifth Judicial Circuit, Richland County, South Carolina. (ECF No. 1-1.) Plaintiff asserts that Defendants own and operate a bank branch on Harbison Boulevard ("Harbison Branch") in Columbia. (*Id.* at 2.) Plaintiff alleges that in December of 2018, the Harbison Branch had an unmaintained, unlevel, and uneven sidewalk leading from the parking lot to the bank doors. (*Id.*) As a result, Plaintiff claims she tripped over an uneven joint in the sidewalk and crashed to the pavement, suffering serious injuries. (*Id.*) Plaintiff further maintains that Defendants knew or should have known that the sidewalk was unsafe but did nothing to fix it. (*Id.*) Because of her

1

injuries, Plaintiff brought this action seeking actual and punitive damages, pre-judgment and post-judgment interest, and other relief as the court deems just and proper. (*Id.* at 6.)

On March 19, 2020, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, removing this case to the United States District Court for the District of South Carolina, Columbia Division. (ECF No. 1.) Plaintiff then filed the instant Motion to Remand on May 8, 2020 (ECF No. 12) and Defendants filed their Response in Opposition (ECF No. 19) on June 12, 2020. Plaintiff claims that the case should be remanded to state court because federal subject matter jurisdiction based on diversity is not present in this case. (ECF No. 12 at 7.) Plaintiff argues that complete diversity does not exist because both Plaintiff and Alley are citizens of South Carolina. (*Id.* at 1.) Defendants counter that federal subject matter jurisdiction based on diversity is present. (ECF No. 1 at 3 ¶ 6.) They claim that complete diversity exists because Plaintiff is a citizen of South Carolina, Truist Bank has both its place of incorporation and principal place of business in North Carolina, and Alley was fraudulently joined as a defendant in order to defeat diversity jurisdiction. (*Id.* at 2 ¶¶ 4-5.) Additionally, Defendants claim that although Plaintiff has not alleged a specific amount in controversy, the allegations of the Complaint demonstrate that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. (*Id.* at 3-4 ¶ 8.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant is permitted to remove a case to federal court when the court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). Section 1332 requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires

2

that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Strawbridge*, 7 U.S. at 267).

The party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) ("[T]he party seeking to invoke federal jurisdiction must allege it in their notice of removal and, when challenged, demonstrate the basis for jurisdiction."). Because federal courts are courts of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of the state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981).

Although complete diversity is necessary for a federal court to exercise diversity jurisdiction, the fraudulent joinder doctrine permits a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Mayes*, 198 F.3d at 461). For this exception to apply, the removing party must demonstrate "either that the plaintiff committed outright fraud in pleading jurisdictional facts, or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999).

To defeat fraudulent joinder, a plaintiff must show that there is a "glimmer of hope" for relief or "only a slight possibility of a right to relief." *Mayes*, 198 F.3d at 466. In assessing whether

an attempted joinder is fraudulent, a court is not bound by the allegations of the complaint but can "consider the entire record[ ] and determine the basis of joinder by any means available." *Id.* at 464. In addition, "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*; *see Auto Ins. Agency, Inc.*, 525 F. Supp. at 1106.

### III. ANALYSIS

The relevant question before the court is whether Alley has been fraudulently joined to destroy diversity jurisdiction.[1] Accordingly, Plaintiff argues that there is a lack of complete diversity because Alley, like Plaintiff, is a citizen of South Carolina. (ECF No. 12 at 1.) In contrast, Defendants argue that Alley's citizenship cannot be used to defeat diversity jurisdiction because she is fraudulently joined. (ECF No. 1 at 2 ¶ 5.)

The United States Court of Appeals for the Fourth Circuit has stated that "[t]o show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (quoting *Marshall*, 6 F.3d at 232). In this case, Defendants do not claim fraud in Plaintiff's pleading of the jurisdictional facts. Instead, Defendants argue that there is no possibility of recovery against Alley for Plaintiff's injuries. (ECF No. 19 at 2.) Therefore, to successfully remove

---

[1] Plaintiff does not specify the monetary amount of damages in her Complaint. (*See* ECF No. 1-1.) Defendants assert that allegations of the Complaint demonstrate that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. (ECF No. 1 at 3-4 ¶ 8) Plaintiff does not contest the amount in controversy requirement for diversity jurisdiction in her Motion to Remand. (*See* ECF No. 12.)

this case to a federal court, Defendants must show that Plaintiff cannot establish a claim against Alley in state court even after resolving all issues of law and fact in Plaintiff's favor.

Although Defendants concede that Alley was in a managerial role at the time of the alleged incident, they argue that Plaintiff cannot establish a cause of action against Alley because she did not have sufficient control over the premises or a duty to inspect the premises. (ECF No. 19 at 2, 4.) To support their arguments, Defendants reference Alley's Affidavit (ECF No. 1-4), in which she claims no responsibility for the management and maintenance of the parking lot and grounds at issue, including the sidewalks. (ECF No. 19 at 2.) Defendants also note that Truist Bank hired an independent contractor, CBRE, Inc., to manage, maintain, and repair the parking lot and grounds. (*Id.* at 3.)

Additionally, Defendants assert that *Mobley v. Wal-Mart Stores, Inc.*, No. 2:09–CV–3019–DCN, 2010 WL 503101 (D.S.C. Feb 8, 2010) and *Paetzold v. Walgreen Co.*, No. 2:17-CV-02883-DCN, 2018 WL 718962 (D.S.C. Feb. 6, 2018) are distinguishable from this case. (ECF No. 19 at 2.) Both cases found that store managers were not added as sham defendants in personal injury cases in order to defeat diversity jurisdiction. *See Mobley*, 2010 WL 503101, at *5; *Paetzold*, 2018 WL 718962, at *4.

In *Mobley*, the plaintiff tripped on uneven pavement in a store parking lot. 2010 WL 503101, at *1. She subsequently sued the store and its manager, claiming that their failure to maintain the parking lot or to warn customers of its hazards caused her injuries. *Id.* Although the manager's affidavit stated that she lacked the authority to make repairs in the parking lot, the court still found that there was a possibility that the plaintiff would be able to establish a cause of action against the manager. *Id.* at *5. Since the manager had a high level of control over the store, she could have had the duty to warn customers of hazards in the parking lot. *Id.* As a result, the court

concluded that the manager was not fraudulently joined and granted the plaintiff's motion to remand. *Id.* at *5-*6.

Similarly, the plaintiff in *Paetzold* sued a store and its manager for negligence after she was hit by a car exiting the store parking lot. 2018 WL 718962, at *1. The plaintiff claimed that the store and its manager failed to maintain a safe premises by allowing overgrown shrubbery to obscure a stop sign. *Id.* The store manager's affidavit stated that he had no control over the store premises or its maintenance but he did not assert that he had no responsibility to search for or warn customers against defects in the parking lot. *Id* at *4. Consequently, the court found that the store manager could be liable for the plaintiff's injuries and therefore was not added as a sham defendant. *Id.*

Defendants claim that this case is distinguishable from *Mobley* and *Paetzold* because Truist Bank hired an independent contractor to manage, maintain, and repair the parking lot and grounds. (ECF No. 19 at 2.) Therefore, Alley did not have a duty to inspect or repair the grounds and had less control over the premises than the store manager defendants in *Mobley* and *Paetzold*. (*Id.*)

However, Defendants' argument fails to account for the fact that Alley could have had a duty to warn customers of hazards on the premises like the store manager defendants in *Mobley* and *Paetzold*. Similarly to the store manager defendants in *Mobley* and *Paetzold*, Alley averred in her affidavit that "[w]hile I have a managerial role at the Truist branch, I do not have responsibility for the maintenance and management of the parking lot and grounds." (ECF No. 1-4 at 2.) But she also averred that her job duties include "coordinating efforts to ensure client service expectations are delivered." (*Id.* at 1.) Thus, it is possible that Alley's customer service responsibilities created a duty to warn that could give rise to a cause of action for negligence.

6

It is also possible that Alley had a duty to inspect and maintain the grounds of the Harbison Branch despite Truist Bank's maintenance contract with CBRE. The South Carolina Supreme Court has recognized that a landowner's duty to invitees may also extend to one who oversees, but does not own, property. *Patterson v. Wal-Mart Stores E. LP*, No. 9:20-CV-1445-DCN, 2020 WL 3056084, at *3 (D.S.C. June 9, 2020) (citing *Richards v. Great Atl. & Pac. Tea Co.*, 83 S.E.2d 917, 920 (S.C. 1954)). Plaintiff claims that Alley has extensive control of the property because she is the senior-most manager in charge of the Harbison Branch and was told after her accident that Alley was the "person in charge" at the Harbison Branch. (ECF No. 12 at 5-6.) Consequently, a jury could find that Alley had a duty to inspect and maintain the property.

While the state court might ultimately find that Alley owed no duty to Plaintiff, the question at this stage is only whether Plaintiff has a "glimmer of hope" for relief. *Mayes*, 198 F.3d at 466. In addition, the court is mindful of the principle that remand is necessary when federal jurisdiction is doubtful. *See Mulcahey*, 29 F.3d at 151; *Auto Ins. Agency, Inc.*, 525 F. Supp. at 1106. In this case, Plaintiff could have a cause of action for negligence against Alley based on a duty to warn customers of hazards on the property or a duty to inspect and maintain the grounds. Therefore, the court finds that Alley was not fraudulently joined as a defendant and her presence as a defendant defeats complete diversity.

## IV. CONCLUSION

The court **GRANTS** Plaintiff's Motion to Remand (ECF No. 12) and **REMANDS** this case to the Court of Common Pleas for Richland County, South Carolina because the court does not have subject matter jurisdiction. Furthermore, the pending Motion to Strike (ECF No. 9) and Motion to Dismiss (ECF No. 10) will be more properly considered by the Richland County Court of Common Pleas.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

August 3, 2020
Columbia, South Carolina

8